UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

CARMELO COLLANA,

                    Defendant.
_____

**DECISION AND
ORDER**

18-CR-00049(RJA)(JJM)

          Defendant, along with several co-defendants, is charged in a one-count Indictment

[81][1] with conspiracy to commit wire fraud, in violation of 18 U.S.C §1349.   Before the court is

defendant's motion for a bill of particulars (Desiderio Affirmation [151], ¶¶53-65),[2] as well as

the government's cross-motion for reciprocal discovery (government's Response [153], pp. 18-

19), which have been referred to me by District Judge Richard J. Arcara for initial consideration

[83].  Having considered the parties' submissions [151, 153] and heard oral argument on

December 12, 2018 [157], defendant's motion is denied and the government's cross-motion is

granted.

## BACKGROUND

          This case centers on an alleged debt collection operation primarily owned and

operated by Joseph Ciffa[3] that used illegal tactics to collect debts. Indictment [81], Introductory

Allegations, ¶¶1-3.  The Indictment alleges that "[b]etween in or about January 2014 and in or

---

[1]       Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page
references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

[2]       The remaining portions of defendant's pretrial motion [151] are resolved.  *See* December 12,
2018 Text Order [158].

[3]       Mr. Ciffa pled prior to the Indictment.  *See* Government's Response [118], p. 6.

about February 2017. . . in the Western District of New York, and elsewhere, the defendants . . .

did knowingly, willfully, and unlawfully combine, conspire, and agree together and with . . .

Ciffa and others . . . to devise a scheme and artifice to defraud victim debtors, and to obtain

money . . . by means of false and fraudulent pretenses". <u>Id.</u>, Count 1, ¶2. In furtherance of the

alleged scheme and artifice to defraud, defendant is alleged to have, *inter alia*, formed

corporations, provided office space and equipment, opened bank accounts to collect victim

payments, and provided debtor information. <u>Id.</u>, ¶¶23-26. In exchange, defendant is alleged to

have received payments for the use of the banks accounts he controlled and received a

percentage of the money collected from the debtor information he provided. <u>Id.</u>, ¶27.


## ANALYSIS

**A.      Defendant's Motion for a Bill of Particulars**

Fed. R. Crim. P. ("Rule") 7(f) "permits a defendant to seek a bill of particulars in

order to identify with sufficient particularity the nature of the charge pending against him,

thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of

double jeopardy should he be prosecuted a second time for the same offense". <u>United States v.

Bortnovsky</u>, 820 F.2d 572, 574 (2d Cir. 1987).[4] "A bill of particulars is required only where the

charges of the indictment are so general that they do not advise the defendant of the specific acts

of which he is accused." <u>United States v. Walsh</u>, 194 F.3d 37, 47 (2d Cir. 1999). "[T]he burden

is upon defendants to show that non-disclosure of the requested particulars would lead to

prejudicial surprise at trial or would adversely affect defendants' rights". <u>United States v.

Duarte</u>, 2014 WL 29366, *1 (W.D.N.Y. 2014).

---

[4]      Some courts have questioned the double jeopardy justification for granting particularization. *See, e.g*., <u>United States v. Payden</u>, 613 F.Supp. 800, 816 n. 16 (S.D.N.Y. 1985).

"In deciding a motion for a bill of particulars, the important question is whether the information sought is necessary, not whether it is helpful."  United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y. 2002).  A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense".  United States v. Henry, 861 F.Supp. 1190, 1197 (S.D.N.Y. 1994).

The court "has the discretion to deny a bill of particulars if the information sought by defendant is provided in the indictment or in some acceptable alternate form".  United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998).  See United States v. Messina, 2012 WL 463973, *10 (E.D.N.Y. 2012) ("[i]n determining whether a defendant has shown such necessity, the trial court must examine the totality of the information available to the defendant, including the indictment and general pre-trial discovery").  "Whether to grant a bill of particulars rests within the sound discretion of the district court."  United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

"The necessity of a bill of particulars depends on the nature of the charged crime." United States v. Meregildo, 2012 WL 3834732, *5 (S.D.N.Y.  2012).  Although "there is a special concern for particularization in conspiracy cases", United States v. Palmer, 2012 WL 2953659, *3 (W.D.N.Y. 2012) (citing United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988)), "a bill of particulars or other adequate disclosure is appropriate where a conspiracy count covers a complex series of events over a number of years, but provides only the bare bones of the charge".  Barnes, 158 F.3d at 666. See United States v. Reddy, 190 F. Supp. 2d 558, 570 (S.D.N.Y. 2002) ("[c]ourts have granted requests for bills of particulars identifying co-conspirators in cases where the number of defendants was large, where the alleged conspiracy

spanned long periods of time and where the alleged schemes were wide-ranging"). With this standard in mind, I will address defendant's request for particularization.

Defendant seeks a variety of particulars, including the specifics of when and where the conspiracy began and ended, the identities of alleged co-conspirators, including those who are unindicted, the manner in which he conspired, as well as the corporations he allegedly established, the equipment he allegedly provided, and the banks allegedly used as part of the conspiracy. Desiderio Affirmation [151], ¶¶58-65. In response, the government states - and defendant fails to dispute - that it has produced over 50,000 documents to defendant and has met with his counsel "to outline the case and review pertinent documents and evidence". Government's Response [153], p. 6. It argues that the "substantial discovery" produced, coupled with the Indictment's specificity, "is more than sufficient to place the defendant in a position where he understands the charges and can prepare a defense", and that he does not "seek clarification of uncertain or vague charges in the Indictment". Id., p. 10.

Here, the Indictment [81] not only tracks the language of the wire fraud conspiracy statute, but also provides ample additional detail of the alleged conspiracy, including a description of the defendant's role. Those allegations are further amplified by the discovery that has been produced and the fact that the government has met with the defendant's counsel to outline the case and pertinent documents and evidence. See United States v. Calvente, 2013 WL 4038952, *2 (S.D.N.Y. 2013) (denying a bill of particulars where "the Government has already provided much, if not all, Rule 16 discovery, and this Court will require it to provide Jencks Act material in advance of trial to apprise the Defendants of the essential facts").

Moreover, much of the particularization defendant seeks is not of the type to which he is entitled. "As a general rule, the defendant does not 'need' detailed evidence about

the conspiracy in order to prepare for trial properly.  It is well settled that defendants need not

know the means by which it is claimed they performed acts in furtherance of the conspiracy nor

the evidence which the Government intends to adduce to prove their criminal acts." United

States v. Feola, 651 F.Supp. 1068, 1132 (S.D.N.Y. 1987), aff'd, 875 F.2d 857 (2d Cir. 1989).

*See also* United States v. Mullen, 243 F.R.D. 54, 62 (W.D.N.Y. 2006) ("as the government can

prove the existence of a conspiracy through circumstantial evidence, a Bill of Particulars

comprised of very specific details is not required for a drug trafficking conspiracy charge").

Thus, "the government need not specify when a particular defendant joined the conspiracy, nor is

it required to specify what role each defendant played in the conspiracy. . . . Similarly, to the

extent that defendants seek a description of the particular acts for which he or she is being held

responsible, or a listing of the acts of which each defendant had knowledge, the case law is clear

that the government is not required to provide the information."  United States v. James, 2007

WL 914242, *26 (E.D.N.Y. 2007).  *See also* United States v. Nicolo, 523 F. Supp. 2d 303, 317

(W.D.N.Y. 2007), aff'd, 421 Fed. App'x 57 (2d Cir. 2011) (Summary Order) ("[a]s a general

rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a

bill of particulars.  More specifically, details regarding the date on which the conspiracy was

formed, or when each participant entered into the conspiracy need not be revealed before

trial . . . . Likewise, the names of unindicted coconspirators need not be provided"); United

States v. Chen, 2007 WL 2244213, *10 (S.D.N.Y. 2007) ("[t]he Second Circuit . . . ha[s]

routinely denied requests for Bills of Particulars concerning the 'wheres, whens, and with

whoms' of the crime charged").  It is for these reasons that "bills of particulars are frequently

deemed inappropriate in cases involving conspiracies". United States v. McGee, 2017 WL

667199, *3 (W.D.N.Y.), adopted, 2017 WL 2880121 (W.D.N.Y. 2017).

Nor does defendant provide any explanation as to why particularization is necessary, and therefore fails to meet his burden of demonstrating his entitlement to a bill of particulars. *See* <u>United States v Gonzalez</u>, 1994 WL 689065, *2 (S.D.N.Y. 1994); <u>United States v. Weller</u>, 2013 WL 1878906, *2 (W.D.N.Y. 2013). For these reasons, defendant's motion for a bill of particulars is denied.

**B.    Government's Cross-Motion for Reciprocal Discovery**

The government moves for reciprocal discovery pursuant to Rule 16(b), and written notices, if any, pursuant to Rules 12.1, 12.2, and 12.3. Government's Response [153], pp. 18-19.  "Rule 16 . . . imposes reciprocal discovery obligations on defendants." <u>United States v. Smith</u>, 985 F.Supp.2d 506, 522 (S.D.N.Y. 2013).  Defendant has not opposed these requests. Therefore, the government's motion is granted.

**CONCLUSION**

For these reasons, defendant's motion for a bill of particulars (Desiderio Affirmation [151], ¶¶53-65) is denied, and the government's cross-motion for reciprocal discovery ([153], pp. 18-19) is granted.

**SO ORDERED.**

Dated:  January 9, 2019

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge